[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this action to foreclose a mechanic's lien placed on real estate owned by the defendants, Fishman.
Plaintiff alleges that it provided work and materials to the Fishmans under a written contract dated July 6, 1994. That the work was completed in accordance with the contract, that plaintiffs requested payment from the defendants was not honored.
Further, the plaintiff claims that it temporarily provided the Fishmans with an air purification unit during the period covered by a prior contract. That the defendants have refused to return the unit to the plaintiff upon demand after completion of that contract. CT Page 11803
The defendants deny that any sums are due from them to the plaintiff. Further, they raise special defenses implicating various consumer protection statutes with regard to plaintiff's claim for sums owed by defendants to the plaintiff
The court notes that in addition to the defendants Fishman, Fleet Bank and Shamut Bank are named defendants. The interests of these defendants is limited to Count One regarding the placing of a mechanics lien on real estate of the defendants Fishman in which the banks may have an interest. Both banks have been previously defaulted for failure to appear.
The court, after a hearing wherein the parties presented their evidence, both oral and documentary, as well as having provided the court with briefs, made the following determinations:
The parties entered into a written contract dated July 6, 1994, as set out in the Second Count, where in the plaintiff was to provide and install certain control mechanisms upon a hearing and air conditioning system which the plaintiff had previously installed at the Fishnans' residence under a previously completed contract dated February 27, 1994. Incidental to that previous contract, the plaintiff had temporarily provided to the Fishmans a portable air purification unit while the heating and air conditional system was being installed. This portable unit was never returned to the plaintiff after completion of the February 27, 1994 contract.
The plaintiff claims it suffered damages as a result of the defendants breach of the contract dated July 6, 1994, as well as for failure to return the portable air purification unit.
Further, in separate counts, the plaintiff alleges defendants converted the property, i.e. the air purification unit, of the plaintiff; and were unjustly enriched through their unauthorized use of the air purification unit.
The defendants deny the salient allegations of the complaint amd raise three special defenses: violation of the Home Improvement Act; that a prior contract between the parties dated February 27, 1994 was not performed in a workman like manner thus placing no obligation on the defendants regarding the July 6, 1994 contract, nor requiring them to return the air purification CT Page 11804 unit.
In addition, the special defense alleges that the failure by the plaintiff to perform defendants regarding the July 6, 1994 contract, nor requiring them to return the air purification unit.
In addition, the special defense alleges that the failure by the plaintiff to perform the February 27, 1994 contract in a workmanlike manner creates an equitable estoppel preventing the plaintiff from recovery under the July 6, 1994 contract.
The court determines that:
As to the First Count, Judgment of foreclosure of the mechanics lien may issue in the sum of $7,212.00.
Credits due to defendants:
The court also finds that the plaintiff failed to install new air ducts in the attic of the defendants' home under the February 27, 1994 contract between the herein parties.
Also, that contract included the HEPA air purifier as a part of the installed equipment. However, the plaintiff claims this item was inadvertently included in the contract because of the numerous modifications to the proposals by the plaintiff before the final contract was agreed upon.
Plaintiffs claim of inadvertent inclusion of the HEPA equipment is supported by the defendants' expert when he indicated that it was not possible to install the unit on the equipment agreed to under the contract. Further, that the equipment was redundant in that it would provide the same degree of air purification that is being done by the installed equipment. Further, that the installed equipment does not have the capacity to handle the additional load which would be placed upon it if the HEPA filter was added to the installed equipment. In addition, no benefit would result from having the HEPA filter installed since it would not provide a cleaner air product.
Therefore, the court finds that no credit is due to the defendants with regard to this item.
As to the defendants' claim for credit because of the non-replacement of the air ducts in the attic, the court finds that CT Page 11805 the replacement of the duct work required cooperation by the defendants in that certain furniture be removed and the ceiling be opened up sufficiently for access by workmen to enter the restricted area in the attic. The small opening in the ceiling provided by the defendant was insufficient and inadequate for the plaintiff to replace the ducts in a workmanlike manner. Thus, the defendants contributed to the plaintiff's failure to install the duct work. Therefore, the court finds that the defendants are entitled to a credit of $2,000.00.
The court also finds that the defendants have failed to prove these special defense allegations. With regard to these special defenses, the plaintiff did not violate the Home Improvement Act, Conn. Gen. Stat § 20-418 et seq. The work performed on the defendants' premises was carried out by plaintiff's officer and employee, Alfred S. Lassern, Jr., a licensed heating and air conditioning contractor. As such, he is exempted from the Home Improvement Act.
As to the Second and Third special defenses, no sufficient evidence was presented to show that the plaintiff did not perform in a workmanlike manner; nor, that the doctrine of equitable estoppel applies to the facts herein.
The court further finds that the plaintiff is entitled to attorney fees as set out in the July 6, 1994 contract. The court finds this sum to be $3,000.00.
Therefore, the damages suffered by the plaintiff and the credit allowed the defendants are set out as follows:
Contract of July 6, 1994 $ 2,475.00
Interest per contract at 1 1/2% per month ($1.22 per diem) for 1420 days (September 24, through August 14, 1994) 1, 732.00
Air purification unit withheld from plaintiff by defendants from August 8, through October 18, 1994 (56 days at $52.50 per day) 1.543.00 -----------
 Plaintiff's damages $ 5,750.00 Less Defendants' Credit -2.000.00 -----------
CT Page 11806
Due to Plaintiff $3,750.00
Together with:
Attorney fees 3,000.00
 Court costs 462.00 ----------
Total due Plaintiff from Defendants $7,462.00
Therefore, it is the judgment of the court that there is due and owing to the plaintiff the sum of $5,750.00 less credits due to the defendants amounting to $2,000.00. This net amount of $3,750.00 is due to the plaintiff from the defendants, together with attorney fees of $3,000.00, and court costs of $462.00. Together with interest at the contract per diem rate of $1,22 from August 14, 1994 to date of Judgment.
Further the defendants will pay a per diem of $52.50 after October 1, 1998 if they fail to notify the plaintiff and make the portable air purification unit available for removal by the plaintiff.
Julius J. Kremski Judge Trial Referee